IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

A.S., a minor, by and through       )
Next Friend, CHRIS SCHAEFER,        )
                                    )
         *Plaintiff*,               )
                                    )
         vs.                        )
                                    )     Case No.        4:19-CV-00091-CDP
LINCOLN COUNTY R-III                )
SCHOOL DISTRICT,                    )
ET AL.,                             )
                                    )
         *Defendants*.              )

## PROTECTIVE ORDER

The Parties to the above-captioned matter – Plaintiff A.S., a minor, by and through his Next Friend, Chris Schaefer ("Plaintiff"), and Defendants Lincoln County R-III School District (the "District") and Joy Lillard (collectively the "Defendants"), (hereinafter collectively referred to as the "Parties") – are subject to the following Protective Order to protect the discovery and dissemination of confidential information in this matter:

1.       The following information and documents are encompassed under this Protective Order and shall be designated as "CONFIDENTIAL": any and all documents, depositions, discovery, and the information contained therein, and all other information produced or disclosed during the course of this litigation, whether revealed in a document, deposition, discovery response, report, other testimony, or court hearing or proceeding in this matter, including prior and future proceedings and any appeals of this matter, that contain information meeting the definition of educational records under the Family Educational Rights and Privacy Act ("FERPA") and/or personally identifiable information relating to former or current students of the District, and personally identifiable information relating to past or current employees of the

District and medical records and content contained therein. This Protective Order is binding upon all Parties to this litigation, and upon each Party's respective attorneys.

2. The District is directed to disclose documentation, which is not privileged or otherwise subject to a valid objection, that is responsive to Plaintiff's discovery requests notwithstanding the fact that such documents may contain information regarding current and former students of the District.  Due to the confidential nature of student educational records, the Parties must adhere to the terms of this Protective Order in order to protect personally identifiable student information.

3. In no circumstance shall the disclosure of confidential information and/or student records covered by FERPA be made prior to the time that the District has made a reasonable effort to notify the parent or eligible student of this Court's Order pursuant to 20 U.S.C. §1232g and 34 C.F.R. §99.31(a)(9)(ii)(D).

4. A Party claiming that a document is confidential shall mark "CONFIDENTIAL" on the face of the document.  However, the Parties agree that educational records within the definitions contained in FERPA and personnel records shall be treated as CONFIDENTIAL whether labeled as such or not. Further, inadvertent production of any document, material, or information without a designation of "CONFIDENTIAL" shall not be deemed to waive a later claim as to its confidential nature or stop a Party from designating said document, material, or information as "CONFIDENTIAL" at a later date. The disclosing Party may later correct the error and thereafter the document, material, or information shall be treated as CONFIDENTIAL subject to the terms of this Protective Order.  Disclosure of said document, material, or information by any Party prior to such later designation shall not be deemed a violation of the provisions of this Protective Order; provided, however, that the Party that disclosed confidential

information shall promptly endeavor to procure all copies of such confidential information from any persons known to have possession of it who are not entitled to receipt.  Failure of the disclosing Party to comply with all of the provisions of this Protective Order for designation of CONFIDENTIAL information does not relieve a person from compliance with the terms of this Protective Order if the person knows the information is CONFIDENTIAL.

5.     A Party claiming that information discussed during a deposition is confidential shall notify opposing counsel in writing of the specific lines and pages of the official transcript of the deposition that contain confidential information.  The Parties agree that whenever an exhibit to a deposition involves the disclosure of CONFIDENTIAL information, the deposition exhibit or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of the Protective Order.  The Parties further agree that such designation can be made on the record during the deposition or after the deposition retroactively, unless the identifying information has been redacted.  A Party claiming that any material other than documents or depositions is confidential or contains confidential information shall notify opposing counsel in writing that the material should be treated as confidential pursuant to the terms of this order.

6.     The Parties agree that whenever an exhibit to a motion or memo in support thereof or a motion or memo in support thereof containing CONFIDENTIAL information is filed with this Court, such exhibit, or portion of such motion or memo, shall be filed under seal in accordance with the Federal Rules of Civil Procedure and local court rules, unless the identifying information has been redacted.

7.     The Parties agree that CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the Party producing it or further order of the Court, be disclosed except *that* such information may

be disclosed to whom it is necessary that the material be shown solely for the purposes of litigation, provided that all of the following are made aware that the confidentiality provisions of the Protective Order shall extend to them and prohibit their disclosure of such documentation:

    a.  Attorneys actively working on this case;

    b.  Persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c.  The Parties, including, but not limited to, District officials and other personnel maintaining legitimate interest to review said records and information;

    d.  Officials from the Missouri United School Insurance Council ("MUSIC");

    e.  Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    f.  The Court and its employees ("Court Personnel");

    g.  Any mediator or other neutral appointed by the Court or chosen by the Parties;

    h.  Court reporters, videographers, and/or other official personnel reasonably required for the preparation of transcripts of testimony;

    i.  Any current or former officer, employee, agent or subcontractor of Defendants;

    j.  Witnesses, deponents, and hearing witnesses, where counsel for a Party to this action in good faith determines the individual must have access to such information in order for counsel to effectively prosecute or defend this action; and

    k.  Any other person on such terms and conditions as the Parties may mutually agree in writing, or as the Court may hereafter direct by further Order.

8.    Plaintiff or Defendants or any attorneys representing Plaintiff or Defendants now or in the future shall not use any documents protected hereby (or any information contained therein) for a purpose or litigation other than to prepare for and/or try the instant litigation.

9.      Plaintiff or Defendants or any attorneys representing Plaintiff or Defendants shall take all steps reasonably necessary to ensure that no person provided access to the documents or information protected hereby shall use, disclose or record such document or information for any purpose other than the preparation or conduct of this case.

10.     Counsel for the Defendants and the Plaintiff shall seek to reach agreement on the handling of protected information and/or documents at trial so as to provide the maximum appropriate protection, without in any way infringing on the rights of the Parties to present all evidence they deem necessary at trial.  Nothing herein shall be construed to affect in any manner the admissibility at trial or at any hearing before this Court of any document, testimony or other evidence.  The Parties also do not waive the right to file a motion in limine regarding the use at trial of any materials or portions thereof.  Nor shall anything in this Protective Order be deemed a waiver of any objection or privilege a Party may claim to the production of any documents.

11.     All Parties agree that a Party may object to the designation of particular CONFIDENTIAL information by giving written notice to the Party designating the disputed information, and that the written notice shall identify the information to which the objection is made.  If the Parties cannot resolve the objection within thirty (30) days after the time the notice is received, it shall be the obligation of the Party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of the Protective Order.  If such a motion is timely filed within thirty (30) days of the date of the written notice to the Party designating the disputed information, the disputed information shall be treated as CONFIDENTIAL under the terms of the Protective Order until the Court rules on the motion.  If the designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation

as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with the Protective Order.   In connection with a motion filed under this provision, the Party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12.     Prior to any disclosure of confidential documents, information, or testimony to any individual identified in Paragraph 7 above, counsel shall advise them that the confidential information, document, or testimony is being disclosed pursuant to and subject to the terms of this Protective Order.   Said individuals shall use the confidential information, documents, or testimony only for purposes of this litigation and shall not give or otherwise divulge any of the documents, information or materials designated as "CONFIDENTIAL" or the substance thereof, or any copies, prints, negative, or summaries thereof to any entity or person who is not an individual as designated in Paragraph 7 above.

13.     At the conclusion of this case, unless other arrangements are agreed upon, the Parties agree that each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the Party that designated it CONFIDENTIAL, or the Parties may elect to destroy CONFIDENTIAL documents.   Where the Parties agree to destroy CONFIDENTIAL documents, the destroying Party shall provide all Parties with an affidavit confirming the destruction.   In any event, counsel may retain their attorney work product and all court-filed documents even though they may contain Confidential Information, but such retained work product and court-filed documents shall remain subject to the terms of this Protective Order.

14.     Nothing contained in this Protective Order shall preclude any Party from using its own confidential information in any manner it sees fit, without prior consent of any Party or the Court.

15.     Nothing contained in this Protective Order shall preclude the District from disclosing records that are deemed "open records" under Missouri Open Records laws, *Mo. Rev. Stat., Ch. 610.*

16.     The Parties understand that the Court may modify such Protective Order at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.


**SO ORDERED:**

Dated   OCTOBER 31, 2019